CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY
v.
MARY SHANNON, ADMINISTRATRIX.

*Master and Servant—Personal Injuries—Negligence—Question of Fact
—Damages.*

In an action against a railroad company to recover damages for the
death of plaintiff's intestate, this court holds that there was sufficient evi-
dence to support the verdict for the plaintiff, and that the court could not,
as matter of law, say that deceased was guilty of contributory negligence.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
S. P. McCONNELL, Judge, presiding.

The principal question in this case is, whether Charles
Shannon, the deceased, was exercising ordinary care for his
own safety at the time when, working in appellant's switch
yard, he was struck by a moving train and killed. Shannon
was a track repairer, working, upon the day he was killed,
with a shovel, in company with one Hughes, on a track known
as "No. 2." They saw a train coming from the south on
that track, and both stepped off to allow it to pass. Hughes
stepped into the space between tracks Nos. 1 and 2; Shannon
stepped on the [next track west, known as the coal track.
Shannon, standing there, naturally faced to the south, watch-
ing the approaching train, to avoid which they had stopped
work and stepped aside. Hughes and a witness named
Quinn, saw a train to the north switching back and forth on
the coal track, but whether Shannon at any time observed
this switching train, is unknown. There was evidence that a
few feet to the north of Shannon and on the track upon
which he was standing, was a detached freight car, called by
the witnesses a "dead car," and that this car prevented him
from seeing the switching train as it came south on that track.

The switching train was backing two cars and drawing one, the engine being between. The cars thus backed toward Shannon stopped, the engineer thinking they had passed a switch by which the car north of the engine was to be taken off; being signaled to go farther north, again moved the train southward, and at this time the train ran over Shannon, he being either struck by the southernmost of the two cars to the south of the engine, or the train ran against a " dead car " and it ran over him.    The bell of the engine was ringing but there was no one on the front or south end of the train.

Mr. W. H. Lyford, for appellant.

Mr. C. H. Mitchell, for appellee.

Waterman, P. J.    We do not think that the evidence of want of care for his own safety on the part of Shannon was such as made it the duty of the court to take the case from the jury.    Shannon did not recklessly rush into danger; he stepped aside to avoid a coming train, and while it is true, had he remained between the tracks he would have remained, in all probability, unharmed, yet such place would not have been entirely free from danger.    Few people from mere choice like to stand so close to a passing engine and cars as he would have been when standing between the tracks; and as a place of absolute safety no one would choose it.    If there was on the track upon which he placed himself a dead car, a position in front of it would not seem to be very dangerous.    True, he misjudged, and it is perhaps  the case that he was not as watchful as he might have been; but this court can not, upon the record here presented, say that it is manifest that he failed to exercise ordinary care; the verdict of the jury upon that point is, upon the record before us, conclusive.    That there was evidence justifying the finding of the jury that appellant's servants were negligent, is clear.    If there was a "dead car" upon the track, evidence that under the circumstances appellant's employes backed a train upon this car with sufficient force to cause it, as the witnesses say, to "jump"—that is,

start suddenly forward—was sufficient to warrant a finding of negligence. We do not think that the evidence establishes that Shannon and the crew of the switching train were fellow-servants in the sense that absolves appellant from liability for injury to one arising from the negligence of the other. They were not brought into habitual consociation; were not engaged at the time of the accident in the same work; nor is it clear that the accident arose from one of the dangers necessarily incident to Shannon's employment. True it is that deceased was employed in a place of danger, and that he assumed the ordinary risks of his employment; but it was not shown that the danger of a "dead car" being run against with sufficient force to start it suddenly forward was one of the ordinary hazards of the work for which he was employed.

There was some evidence that the deceased was not living with his wife at the time of the accident, but there was nothing tending to show that she was not entitled to support, whether she received it or not. We can not think the damages excessive. On the contrary, the smallness of the verdict, $1,000, indicates that the jury calmly considered the law as given by the court in connection with the evidence adduced, and deliberately, without passion or prejudice, rendered a verdict, instead of, as is too often the case in suits against great corporations, hastily returning the highest verdict allowed by law.

*Judgment affirmed.*